# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OSCAR RODRIGUEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07-MC-447 CAS |
| ) | |
| LAWNS OF DISTINCTION, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Plaintiffs' motion is supported by documents in the record. For the following reasons, the Court will grant the motion to compel.

**Background**.

Plaintiffs Oscar Rodriguez, Esequiel Rodriguez and Juan Rodriguez obtained a judgment by default against defendants Lawns of Distinction, Ltd. and John Andrews in the United States District Court for the Southern District of Texas on July 12, 2007, in the total amount of $57,237.98, together with post-judgment interest. On August 27, 2007, plaintiffs registered their judgment in this Court. (Doc. 1).

On November 11, 2007, plaintiffs filed applications for writs of execution against the defendants. (Docs. 2, 3). Attached to these applications were interrogatories for service on each defendant, seeking information about each defendant's assets and requiring answers within thirty (30) days of service. (Id.). On December 5, 2007, the writs and interrogatories were personally served on the defendants by the United States Marshal's Service. (Docs. 4, 5). Answers to the interrogatories were due on January 4, 2008. Plaintiffs have not received a response to either set of interrogatories.

**Discussion**.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the "process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." Id. Finally, Rule 69 provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in [the Federal Rules of Civil Procedure] or in the manner provided by the practice of the state in which the district court is held." Id.

In the absence of a controlling federal statute, a district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, Inc., 994 F.2d 476, 477 (8th Cir.) (citation omitted), cert. denied, 510 U.S. 1019 (1993).

Plaintiffs have served post-judgment interrogatories on the defendants in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 33 of the Federal Rules of Civil Procedure. It appears to the Court from plaintiffs' motion that defendants were properly served with the interrogatories but have failed to answer the same. Plaintiffs' motion to compel discovery should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that defendant John Andrews shall fully, completely and without objection respond to each interrogatory in Plaintiffs'/Creditors' Interrogatories to Defendant/Debtor John Andrews by **April 10, 2008**.

**IT IS FURTHER ORDERED** that defendant Lawns of Distinction, Ltd. shall fully, completely and without objection respond to each interrogatory in Plaintiffs'/Creditors' Interrogatories to Defendant/Debtor Lawns of Distinction, Ltd. by **April 10, 2008**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail copies of this order by regular and certified mail, return receipt requested, to defendant John Andrews at the following addresses:

> 79 Henry Avenue, Ballwin, Missouri 63011, and
>
> 17667 Wildhorse Creek Road, Chesterfield, Missouri 63005.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail copies of this order by regular and certified mail, return receipt requested, to defendant Lawns of Distinction, Ltd. at the following addresses:

> c/o John Andrews, 17667 Wildhorse Creek Road, Chesterfield, Missouri 63005.
>
> c/o Alison R. Andrews, 2232 Kehrs Glen Court, Chesterfield, Missouri 63005

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of March, 2008.