**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| OSCAR RODRIGUEZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07-MC-447 CAS |
| ) | |
| LAWNS OF DISTINCTION, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for an order to show cause why the defendants Lawns of Distinction, Ltd. and John Andrews should not be held in civil contempt for disobeying this Court's Order of March 25, 2008 (Doc. 7), which granted plaintiffs' motion to compel discovery.

**Background**.

Plaintiffs Oscar Rodriguez, Esequiel Rodriguez and Juan Rodriguez obtained a judgment by default against defendants Lawns of Distinction, Ltd. and John Andrews in the United States District Court for the Southern District of Texas on July 12, 2007, in the total amount of $57,237.98, together with post-judgment interest. On August 27, 2007, plaintiffs registered their judgment in this Court. (Doc. 1).

On November 11, 2007, plaintiffs filed applications for writs of execution against the defendants. (Docs. 2, 3). Attached to these applications were interrogatories for service on each defendant, seeking information about each defendant's assets and requiring answers within thirty (30) days of service. (Id.). On December 5, 2007, the writs and interrogatories were personally served

on the defendants by the United States Marshal's Service. (Docs. 4, 5). Answers to the interrogatories were due on January 4, 2008, but plaintiffs did not receive a response to either set of interrogatories.

On March 4, 2008, plaintiffs filed a motion to compel the defendants to answer the interrogatories. The defendants did not file a response to the motion to compel. On March 25, 2008, the Court granted plaintiffs' motion to compel and ordered both defendants to "fully, completely and without objection respond to each interrogatory in Plaintiffs'/Creditors' Interrogatories" by April 10, 2008. The Court directed the Clerk of the Court to mail copies of the Order to each defendant by regular mail and by certified mail, return receipt requested. Defendant Lawns of Distinction, Ltd. was served with a copy of the Order by certified mail on March 27, 2008. (Doc. 8). The copies that were mailed to defendant Andrews by certified mail, return receipt requested, were returned by the U.S. Postal Service marked "unclaimed," (Docs. 10, 11), but the copies mailed to Andrews by regular mail were not returned.

In the instant motion, plaintiffs state that they have not received interrogatory responses or any communication from either defendant, and assert that defendants are therefore subject to punishment for contempt of Court pursuant to Rule 37(b)(2)(vii) of the Federal Rules of Civil Procedure.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to

which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Id. Here, it is undisputed that defendants Lawns of Distinction, Ltd. and John Andrews have not answered plaintiffs' interrogatories as ordered. At this point, the burden shifts to the defendants to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendants John Andrews and Lawns of Distinction, Ltd. are ordered to show cause why they should not be held in contempt of court for failure answer plaintiffs' interrogatories by April 10, 2008, as ordered by the Court on March 25, 2008.

**IT IS FURTHER ORDERED** that a hearing is set for Thursday, **May 29, 2008**, at **11:30 a.m.** in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendants John Andrews and Lawns of Distinction, Ltd. may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Court's Order of March 25, 2008. Because incarceration is a possible civil contempt sanction, defendants have the right to representation by counsel. **Failure to appear for the hearing as ordered may subject defendant Andrews to arrest by the United States Marshal's Service**.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant John Douglas Andrews personally, at

> 79 Henry Avenue, Ballwin, Missouri 63011, or
>
> 17667 Wildhorse Creek Road, Chesterfield, Missouri 63005, or
>
> wherever he may be found.

**IT IS FURTHER ORDERED** that United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Lawns of Distinction, Ltd. by personal service its president and registered agent, John Douglas Andrews, at one of the addresses set forth above.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __23rd__ day of April, 2008.