**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSCAR RODRIGUEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:07-MC-447 CAS |
| | ) | |
| LAWNS OF DISTINCTION, LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came before the Court for hearing on plaintiffs' motion for an order to show cause why the defendants Lawns of Distinction, Ltd. and John Andrews should not be held in civil contempt for disobeying this Court's Order of March 25, 2008 (Doc. 7), which granted plaintiffs' motion to compel discovery. Counsel for plaintiffs and Mr. Andrews appeared in person at the hearing on June 17, 2008.

**Background**.

Plaintiffs Oscar Rodriguez, Esequiel Rodriguez and Juan Rodriguez obtained a judgment by default against defendants Lawns of Distinction, Ltd. and John Andrews in the United States District Court for the Southern District of Texas on July 12, 2007, in the total amount of $57,237.98, together with post-judgment interest. On August 27, 2007, plaintiffs registered their judgment in this Court. (Doc. 1).

On November 11, 2007, plaintiffs filed applications for writs of execution against the defendants. (Docs. 2, 3). Attached to these applications were interrogatories for service on each defendant, seeking information about each defendant's assets and requiring answers within thirty (30)

days of service. (Id.). On December 5, 2007, the writs and interrogatories were personally served on the defendants by the United States Marshal's Service. (Docs. 4, 5). Answers to the interrogatories were due on January 4, 2008, but plaintiffs did not receive a response to either set of interrogatories.

On March 4, 2008, plaintiffs filed a motion to compel the defendants to answer the interrogatories. The defendants did not file a response to the motion to compel. On March 25, 2008, the Court granted plaintiffs' motion to compel and ordered both defendants to "fully, completely and without objection respond to each interrogatory in Plaintiffs'/Creditors' Interrogatories" by April 10, 2008. The Court directed the Clerk of the Court to mail copies of the Order to each defendant by regular mail and by certified mail, return receipt requested. Defendant Lawns of Distinction, Ltd. was served with a copy of the Order by certified mail on March 27, 2008. (Doc. 8). The copies that were mailed to defendant Andrews by certified mail, return receipt requested, were returned by the U.S. Postal Service marked "unclaimed," (Docs. 10, 11), but the copies mailed to Andrews by regular mail were not returned.

In the instant motion, plaintiffs state that they have not received interrogatory responses or any communication from either defendant, and assert that defendants are therefore subject to punishment for contempt of Court pursuant to Rule 37(b)(2)(vii) of the Federal Rules of Civil Procedure. At the hearing, Mr. Andrews did not deny that he had not answered plaintiffs' interrogatories.

**Discussion**.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal

punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Id. Here, it is undisputed that defendants Lawns of Distinction, Ltd. and John Andrews have not answered plaintiffs' interrogatories as ordered. At this point, the burden shifts to the defendants to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506. Mr. Andrews has failed to establish that he was unable to comply with the Court's Order directing him to answer plaintiffs' interrogatories. The motion for contempt should therefore be granted.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a civil contempt order against defendants Lawns of Distinction, Ltd. and John Andrews for disobeying this Court's Order of March 25, 2008 is **GRANTED**, and defendants Lawns of Distinction, Ltd. and John Andrews are found to be in civil contempt of this Court. [Doc. 7]

**IT IS FURTHER ORDERED** that defendants shall purge themselves of this contempt by fully complying with and obeying this Court's March 25, 2008 Order directing that defendants answer the Plaintiffs'/Creditors' Interrogatories. John Andrews is ordered to meet with plaintiffs' attorney today in the federal courthouse to answer the Plaintiffs'/Creditors' Interrogatories to the best of his ability, and is further ordered to supplement his answers and Lawns of Distinction's answers to the Plaintiffs'/Creditors' Interrogatories no later than **June 27, 2008**. Defendants shall mail their supplemental interrogatory answers to plaintiffs' attorney by certified mail, return receipt requested, and the same shall be postmarked by **June 27, 2008**.

**IT IS FURTHER ORDERED** that the Court will impose a fine of $200.00 per day, beginning **July 3, 2008** and continuing until such time as defendants' supplemental interrogatories are received by plaintiffs' counsel.

**IT IS FURTHER ORDERED** that, in the event defendants fails to purge themselves of contempt as herein ordered, this Court shall deal further with the matter by issuing an Order for John Andrews' arrest and indefinite incarceration until such time as he purges herself of contempt as herein ordered, or any other means this Court may direct.

**IT IS FURTHER ORDERED** that plaintiffs may direct requests for production of documents or other appropriate discovery to the defendants for purposes of collecting on their judgment.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to defendants John Andrews and Lawns of Distinction, Ltd. at 17667 Wildhorse Creek Road, Chesterfield, Missouri 63005, and the Court notes that a copy of this Order has been hand-delivered to Mr. Andrews on this date.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __17th__ day of June, 2008.