**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| OSCAR RODRIGUEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:07-MC-447 CAS |
| | ) |
| LAWNS OF DISTINCTION, LTD., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for an Order to Enforce Contempt Order. Plaintiffs move for an order finding that defendants have failed to purge themselves of contempt, imposing a $200 per day fine for their failure to do so, and otherwise enforcing the order of contempt issued June 17, 2008. The defendants have not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**.

The full background of this matter is set forth in the Memorandum and Order of June 17, 2008 (the "Order") and is incorporated herein. In the Order, the Court granted plaintiffs' motion for a civil contempt order against defendants Lawns of Distinction, Ltd. and John Andrews for disobeying this Court's Order of March 25, 2008, which granted plaintiffs' motion to compel discovery.[1] The Court found both defendants to be in contempt of court, and ordered that they purge themselves of this contempt:

---

[1] The Order of March 25, 2008 ordered to defendants to fully and completely answer plaintiffs' post-judgment interrogatories directed to them, by April 10, 2008. See Order of March 25, 2008 [Doc. 7] at 3.

by fully complying with and obeying this Court's March 25, 2008 Order directing that defendants answer the Plaintiffs'/Creditors' Interrogatories. John Andrews is ordered to meet with plaintiffs' attorney today [June 17, 2008] in the federal courthouse to answer the Plaintiffs'/Creditors' Interrogatories to the best of his ability, and is further ordered to supplement his answers and Lawns of Distinction's answers to the Plaintiffs'/Creditors' Interrogatories no later than June 27, 2008. Defendants shall mail their supplemental interrogatory answers to plaintiffs' attorney by certified mail, return receipt requested, and the same shall be postmarked by June 27, 2008.

**IT IS FURTHER ORDERED** that the Court will impose a fine of $200.00 per day, beginning July 3, 2008 and continuing until such time as defendants' supplemental interrogatories are received by plaintiffs' counsel.

**IT IS FURTHER ORDERED** that, in the event defendants fail to purge themselves of contempt as herein ordered, this Court shall deal further with the matter by issuing an Order for John Andrews' arrest and indefinite incarceration until such time as he purges herself of contempt as herein ordered, or any other means this Court may direct.

Order at 4.

Plaintiffs state that defendant John Andrews provided incomplete written responses to the outstanding interrogatories at the June 17, 2008 meeting, and that plaintiffs' counsel gave defendant Andrews concrete examples of how the responses were incomplete. See Pls.' Mot. to Enforce Contempt Order at 2-3. Plaintiffs assert on information and belief that the inaccurate and incomplete responses given by defendant Andrews are part of an attempt to hide defendants' assets.

Plaintiffs further state that defendant John Andrews sent plaintiffs' counsel a one-page letter on June 28, 2008, by certified mail, return receipt requested, but this letter did not supplement any response to any interrogatory. Plaintiffs' counsel states that he e-mailed and subsequently telephoned defendant Andrews and informed him that the letter did not complete his obligation under the Order and asked Andrews to immediately send complete and accurate responses to the interrogatories, but as of the date of filing the instant motion, no response was received.

Plaintiffs ask the Court to find that defendants have failed to purge themselves of contempt; to impose a fine of $200 per day on the defendants beginning July 3, 2008 and continuing until defendants purge themselves of contempt; to issue an order for defendant Andrews' arrest and incarceration until he purges himself of contempt; and to award plaintiffs their costs and reasonable attorneys fees incurred as a result of defendants' sanctionable conduct.

**Discussion**.

Civil contempt proceedings may be employed to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504-05 (8th Cir. 2000). Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court previously found the defendants in contempt of court for failing to answer plaintiffs' interrogatories as ordered. In the instant motion, plaintiffs have met their burden to establish by clear and convincing evidence that the contemnors have violated the Order of June 17, 2008 by failing to supplement their original, incomplete answers to plaintiffs' interrogatories, as ordered. See Chicago Truck Drivers, 207 F.3d at 504-05 (burden to establish contempt is on the party seeking civil contempt). Defendants have made no attempt to establish any reason why further action should not be taken against them to coerce compliance with the Court's Orders. The Court finds that the defendants are contumaciously in violation of the Order of June 17, 2008. The Court further finds that defendants should be required to pay the reasonable attorney's fees and expenses incurred by plaintiffs as a result of defendants' failure to comply with the Court's Orders.

Accordingly,

**IT IS HEREBY ORDERED** that a fine of $200.00 per day, beginning July 3, 2008, is imposed against defendants John Andrews and Lawns of Distinction, Ltd., jointly and severally, until they purge themselves of contempt by providing to plaintiffs' counsel full and complete written answers to plaintiffs' interrogatories directed to them.

**IT IS FURTHER ORDERED** that in the event defendants fail to purge themselves of contempt as herein ordered by **August 18, 2008**, the Court will deal further with this matter by issuing an Order for John Andrews' arrest and indefinite incarceration until such time as he purges himself of contempt as herein ordered, or by any other means this Court may direct.

**IT IS FURTHER ORDERED** that plaintiffs will be awarded their reasonable attorney's fees and expenses incurred as a result of defendants' failure to comply with the Court's Orders, and plaintiffs shall submit a statement of their fees and expenses to the Court for review, together with any supporting documentation.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall sent a copy of this Order by U.S. and Certified Mail, return receipt requested, to John Andrews and Lawns of Distinction, Ltd., c/o John Andrews, at 17667 Wildhorse Creek Road, Chesterfield, Missouri 63005, and that a copy of this Order be personally served upon John Andrews and Lawns of Distinction, Ltd. by the United States Marshals Service or by a local law enforcement agency at the direction of the United States Marshals Service.

**IT IS FURTHER ORDERED** that plaintiffs' counsel shall provide the Court with written notice of the status of the defendants' compliance with this Order.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of July, 2008.