**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **Oscar Rodriguez, Esequiel Rodriguez, and Juan Rodriguez,** )<br>)<br>**Plaintiffs/Judgment Creditors,** )<br>)<br>v. )<br>)<br>**Lawns of Distinction, Ltd. and John Andrews,** )<br>)<br>**Defendants/Judgment Debtors,** )<br>)<br>v. )<br>)<br>**EKM Enterprises, Inc. d/b/a Lawns of Distinction, Gary C. Andrews, and Sharon Andrews,** )<br>)<br>**Third Party Defendants.** ) | Case No. 4:07-mc-00447-CAS |

## COMPLAINT

1.1.    This is a supplementary action in aid of judgment brought to declare that the transfer of assets from Judgment Debtors to EKM Enterprises, Inc. was fraudulent, to enjoin Judgment Debtors and EKM Enterprises, Inc. from transferring assets, and to attach the fraudulently transferred assets to pay the judgment owed to Plaintiffs in the underlying action.

1.2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367.

1.3.    Plaintiffs/Judgment Creditors are natural persons who are the judgment creditors of Defendants Lawn of Distinction, Ltd. and John Andrews.  Plaintiffs/Judgment Creditors are residents of Hidalgo County, Texas.

1.4. Lawns of Distinction, Ltd., is a landscaping and lawn care business organized under the laws of Missouri. Its registered agent and president is John Andrews.

1.5. John Andrews is a natural person residing in St. Louis County, Missouri. He is the owner of Lawns of Distinction, Ltd. and is a commissioned agent of EKM Enterprises, Inc. See Exhibit A (particularly no. 2).

1.6. EKM Enterprises, Inc. d/b/a Lawns of Distinction (hereinafter "EKM") is a business organized under the laws of Missouri. Its registered agent, Gary C. Andrews, may be served with process at 2229 Kehrs Ridge Dr., Chesterfield, Missouri, 63005.

1.7. Gary C. Andrews and Sharon Andrews are the natural parents of Judgment Debtor, John Andrews, and are the sole owners and operators of EKM Enterpises, Inc. They may be served with process at 2229 Kehrs Ridge Dr., Chesterfield, Missouri, 63005.

## STATEMENT OF FACTS

**Background**

2.1. On July 12, 2007, judgment was entered in favor of Judgment Creditors and against Judgment Debtors in the amount of $57,237.98 plus $7.83 per diem in post-judgment interest. This judgment from the Southern District of Texas was registered in the Eastern District of Missouri on August 27, 2007. No payment has been made on this judgment.

2.2. Since entry of judgment against them and the aforesaid registration of judgment in the Eastern District of Missouri, Judgment Debtors have been frustrating Judgment Creditors' attempts to discover the nature of their assets and to collect on the judgment. They have failed to comply with the federal rules and with court orders including a

motion to compel discovery responses and orders to show cause why they should not be held in contempt. Judgment Creditors have still not purged themselves of contempt by providing complete written responses to outstanding discovery requests.

**Transfers of Assets to Defraud Judgment Creditors**

2.3.     Lawns of Distinction, Ltd. was served with the complaint in the underlying action on March 19, 2007 and John Andrews was served on April 19, 2007.  See Exhibit B.

2.4     On June 5, 2007, after the Judgment Debtors had been served with the complaint in the underlying action, Gary C. Andrews, John Andrews's father, formed EKM Enterprises, Inc.  EKM's stated purpose is to operate as a lawn and landscaping business.  See Exhibits C and D.

2.4.      At the time the judgment was entered against them, John Andrews and Lawns of Distinction, Ltd. held assets including at least 15 trucks and other vehicles and an unknown number of trailers.  See Exhibit E.

2.5.     After the judgment was entered, at least 15 trucks and other vehicles and an unknown number trailers belonging to John Andrews and to Lawns of Distinction, Ltd. were transferred without payment of any consideration to EKM.  See Exhibits A (particularly nos. 3 and 4) and F.

2.6.     EKM has been and is now doing business as Lawns of Distinction.  John Andrews continues to control the operations Lawns of Distinction, Ltd., but receipts are funneled through EKM.  EKM pays Lawns of Distinction, Ltd.'s bills including its payroll.  Business expenses incurred by Lawns of Distinction, Ltd. and paid by John Andrews are reimbursed to him by EKM.  See Exhibits A (particularly nos. 2, 5, 6, and 9), D, G, and H.

**Insolvency**

2.7.     Judgment Debtors were insolvent at the time of the transfers of the assets referenced in ¶ 2.5, above.  See Exhibits A (particularly no. 2), I (particularly response nos. 2, 5, 10, 12, 14, 15, 17, 21, and 22), J (particularly response nos. 2, 6, 7, 8, 13, 14, 16, and 18), and K.

2.8.     Judgment Debtors were generally not paying their debts as they became due at the time of the transfer of these assets.  See id.

**Transfers of Assets from Insiders**

2.9.      EKM has recently sold several of the trucks and trailers that were transferred to it by the Judgment Debtors.  At least four trucks and buses were sold on August 14, 2008. See Exhibit L.  Third Party Defendants are currently selling at least some of the trailers. See Exhibit A (particularly no. 9).

**FIRST CAUSE OF ACTION:**

**UNIFORM FRAUDULENT TRANSFER ACT**

**Transfers Fraudulent under Mo. Rev. Stat. § 428.029(1)**

3.1.     Judgment Creditors' underlying claims and their judgment arose before Judgment Debtors transferred the vehicles and trailers to EKM, Gary C. Andrews and/or Sharon Andrews.

3.2.     Judgment Debtors transferred the vehicles and trailers to EKM, Gary C. Andrews, and/or Sharon Andrews without receiving reasonably equivalent value in exchange for the transfers.  See Exhibits A (particularly nos. 3 and 4) and K.

3.3.     Judgment Debtors were insolvent at the time the transfers or they became insolvent as a result of the transfers.  See Exhibits A (particularly no. 2), I (particularly

response nos. 2, 5, 10, 12, 14, 15, 17, 21, and 22), J (particularly response nos. 2, 6, 7, 8, 13, 14, 16, and 18), and K

## SECOND CAUSE OF ACTION:

## UNIFORM FRAUDULENT TRANSFER ACT

**Transfers Fraudulent under Mo. Rev. Stat. § 428.029(2)**

4.1. Judgment Creditors' underlying claims and their judgment arose before Judgment Debtors transferred the vehicles and trailers to EKM, Gary C. Andrews, and/or Sharon Andrews.

4.2. EKM, Gary C. Andrews and Sharon Andrews are "insiders," as the term is defined by Mo. Rev. Stat. § 428.009(7), with respect to Judgment Debtors.

4.3. The transfers were made for an antecedent debt owed to some or all of the insiders.  See Exhibits A (particularly nos. 2 and 4) and K.

4.4. Judgment Debtors were insolvent at the time of the transfers.  See Exhibits A (particularly no. 2), I (particularly response nos. 2, 5, 10, 12, 14, 15, 17, 21, and 22), J (particularly response nos. 2, 6, 7, 8, 13, 14, 16, and 18), and K

4.5. The insiders had reasonable cause to believe that the Judgment Debtors were insolvent.

## PRAYER FOR RELIEF

5.1    WHEREFORE, Plaintiffs/Judgment Creditors respectfully request that this Court grant the following relief:

    a.    Issue an ex parte temporary restraining order to preserve the status quo by preventing the future transfer of Judgment Debtors' and EKM Enterprises, Inc.'s assets until a hearing can be held;

  b.  After a hearing, declare the transfers of assets from Judgment Debtors to EKM, Gary C. Andrews, and/or Sharon Andrews to be fraudulent;

  c.  After a hearing, enjoin the transfer of Judgment Debtors' assets;

  d.  After a hearing, attach the transferred assets for the benefit of Judgment Creditors pursuant to Mo. Rev. Stat. § 428.039(1)(2); and

  e.  Award such other relief as may be just and proper.

          Respectfully submitted,

          s/ Nathaniel Norton
          Nathaniel Norton
          Texas Bar I.D. No. 24037196
          S.D. Tex. No. 33422
          Texas RioGrande Legal Aid
          300 South Texas Boulevard
          Weslaco, Texas 78596
          Tel: (956) 447-4800
          Fax: (956) 968-8823
          Attorney for Plaintiffs/Judgment Creditors

Complaint
Page 6 of 6