# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR RODRIGUEZ, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 4:07-MC-447 CAS |
| LAWNS OF DISTINCTION, LTD., et al., | ) | |
| Defendants. | ) | |

## ORDER OF CIVIL CONTEMPT

This matter came before the Court for hearing on plaintiffs' Motion for Preliminary Injunction (Doc. 27), and plaintiffs' Notice of Non-Compliance, filed in response to the Court's Memorandum and Order dated July 29, 2008 (the "Order") (Doc. 23). The plaintiffs appeared through counsel, Mr. Norton; defendant John Andrews appeared personally; and defendants EKM Enterprises, Inc., Gary Andrews and Sharon Andrews appeared through counsel, Mr. Elnicki. For the following reasons, the Court will grant plaintiffs' motion for a preliminary injunction, and to enforce its prior contempt order, finds that defendant John Andrews should be subject to imprisonment until such time as he purges himself of contempt of court by fully completing plaintiffs' interrogatories directed to him and to defendant Lawns of Distinction, Ltd., as previously ordered.

**Background**.

Plaintiffs Oscar Rodriguez, Esequiel Rodriguez and Juan Rodriguez obtained a judgment by default against defendants Lawns of Distinction, Ltd. and John Andrews in the United States District Court for the Southern District of Texas on July 12, 2007, in the total amount of $57,237.98,

together with post-judgment interest. On August 27, 2007, plaintiffs registered their judgment in this Court. (Doc. 1).

On November 11, 2007, plaintiffs filed applications for writs of execution against the defendants. (Docs. 2, 3). Attached to these applications were interrogatories for service on each defendant, seeking information about each defendant's assets and requiring answers within thirty (30) days of service. (Id.). On December 5, 2007, the writs and interrogatories were personally served on the defendants by the United States Marshal's Service. (Docs. 4, 5). Answers to the interrogatories were due on January 4, 2008, but plaintiffs did not receive a response to either set of interrogatories.

On March 4, 2008, plaintiffs filed a motion to compel the defendants to answer the interrogatories. The defendants did not file a response to the motion to compel. On March 25, 2008, the Court granted plaintiffs' motion to compel and ordered both defendants to "fully, completely and without objection respond to each interrogatory in Plaintiffs'/Creditors' Interrogatories" by April 10, 2008.

Subsequently, plaintiffs filed a motion for the defendants to show cause why they should not be held in contempt of court for disobeying the Court's March 25, 2008 Order compelling discovery. (Doc. 12). At a hearing conducted on June 17, 2008, at which plaintiffs' counsel and defendant appeared, Mr. Andrews did not deny that he had not answered plaintiffs' interrogatories on behalf of himself and defendant Lawns of Distinction, Ltd. The Court found both defendants to be in contempt of court, and ordered that they purge themselves of this contempt:

> by fully complying with and obeying this Court's March 25, 2008 Order directing that defendants answer the Plaintiffs'/Creditors' Interrogatories. John Andrews is ordered to meet with plaintiffs' attorney today [June 17, 2008] in the federal courthouse to

answer the Plaintiffs'/Creditors' Interrogatories to the best of his ability, and is further ordered to supplement his answers and Lawns of Distinction's answers to the Plaintiffs'/Creditors' Interrogatories no later than June 27, 2008. Defendants shall mail their supplemental interrogatory answers to plaintiffs' attorney by certified mail, return receipt requested, and the same shall be postmarked by June 27, 2008.

**IT IS FURTHER ORDERED** that the Court will impose a fine of $200.00 per day, beginning July 3, 2008 and continuing until such time as defendants' supplemental interrogatories are received by plaintiffs' counsel.

**IT IS FURTHER ORDERED** that, in the event defendants fail to purge themselves of contempt as herein ordered, this Court shall deal further with the matter by issuing an Order for John Andrews' arrest and indefinite incarceration until such time as he purges herself of contempt as herein ordered, or any other means this Court may direct.

See Memorandum and Order of June 17, 2008 at 4 (Doc. 19).

On July 10, 2008, plaintiffs filed a motion for an order to enforce the prior contempt order (Doc. 21), which stated that defendant John Andrews provided incomplete written responses to the outstanding interrogatories at the June 17, 2008 meeting, and that plaintiffs' counsel gave defendant Andrews concrete examples of how the responses were incomplete. See Pls.' Mot. to Enforce Contempt Order at 2-3. Plaintiffs asserted on information and belief that the inaccurate and incomplete responses given by defendant Andrews are part of an attempt to hide defendants' assets.

Plaintiffs further stated that defendant John Andrews sent plaintiffs' counsel a one-page letter on June 28, 2008, by certified mail, return receipt requested, but this letter did not supplement any response to any interrogatory. Plaintiffs' counsel asserted that he e-mailed and subsequently telephoned defendant Andrews and informed him that the letter did not complete his obligation under the Order and asked Andrews to immediately send complete and accurate responses to the interrogatories, but as of the date of filing the motion, no response was received. No response was filed to the motion for an order to enforce the contempt order.

3

Plaintiffs' motion asked the Court to (1) find that defendants had failed to purge themselves of contempt; (2) impose a fine of $200 per day on the defendants beginning July 3, 2008 and continuing until defendants purged themselves of contempt; (3) issue an order for defendant Andrews' arrest and incarceration until he purged himself of contempt; and (4) award plaintiffs their costs and reasonable attorneys fees incurred as a result of defendants' sanctionable conduct.

The Court granted plaintiffs' motion by Memorandum and Order dated July 29, 2008 (Doc. 23), which (1) imposed a fine of $200.00 per day, beginning July 3, 2008, against defendants John Andrews and Lawns of Distinction, Ltd., jointly and severally, until they purged themselves of contempt by providing to plaintiffs' counsel full and complete written answers to plaintiffs' interrogatories directed to them; (2) ordered that if defendants failed to purge themselves of contempt as ordered by August 18, 2008, the Court would deal further with this matter by issuing an Order for John Andrews' arrest and indefinite incarceration until such time as he purged himself of contempt as ordered, or by any other means this Court may direct; (3) ordered that plaintiffs would be awarded their reasonable attorney's fees and expenses incurred as a result of any failure by defendants to comply with the Court's Orders, and directed plaintiffs to submit a statement of their fees and expenses to the Court for review, together with supporting documentation; and (4) ordered plaintiffs' counsel to provide the Court with written notice of the status of the defendants' compliance with the Memorandum and Order of July 29, 2008.

On August 20, 2008, plaintiffs filed a Notice of Non-Compliance, which stated that defendants had not complied with the Court's July 29, 2008 Order, and had provided no additional information in response to plaintiffs' interrogatories. Plaintiffs also stated that defendant Andrews' mother, Sharon Andrews, had mailed plaintiffs' counsel twenty-five pages of documents, but these

4

documents did not provide complete answers to plaintiffs' interrogatories and plaintiffs' counsel so informed Sharon Andrews and explained that the documents were not the signed, written and complete answers to the interrogatories required by the Court's Order. On August 21, 2008, plaintiffs filed a Motion to Set Amount of Fees and Expenses (Doc. 27), as ordered in the July 29, 2008 Order.

The Court notes that Mr. Andrews contacted chambers personnel by telephone in mid-August 2008, and inquired about responding to the Order. Mr. Andrews was directed to file his written response to the Order by August 18, 2008, to be in compliance with the Order. The record reflects that Mr. Andrews filed certain documents on August 21, 2008, which the Court ordered returned to him because the filing lacked an appropriate signature, address and certificate of service as required by the Federal Rules of Civil Procedure and this Court's Local Rules. (See Doc. 28). Mr. Andrews made no effort to refile his response.

On September 16, 2008, plaintiffs filed a supplemental Complaint in aid of their judgment, seeking a declaration that the defendants John Andrews and Lawns of Distinction, Ltd. had fraudulently transferred assets including trucks and trailers to EKM Enterprises, Inc. ("EKM"), and Gary C. Andrews and Sharon Andrews, John Andrews' parents, all of whom were added as defendants herein. The Complaint asserts claims under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. § 428.029 (2000), and seeks to enjoin any such future transfers and to attach any assets now in the possession of EKM, Gary Andrews or Sharon Andrews. The Complaint sought a temporary restraining order, which the Court granted *ex parte* on September 23, 2008 (see Doc. 33), preliminary injunctive relief, and attachment of the transferred assets for plaintiff's benefit pursuant to Mo. Rev. Stat. § 428.029(1) and (2).

By Memorandum and Order dated September 23, 2008, the Court (1) stated that it would further address defendants John Andrews and Lawns of Distinction, Ltd.'s failure to comply with the Order at the time of the preliminary injunction hearing to be held on October 3, 2008, at 10:30 a.m. in Courtroom No. 12-N, and ordered defendant John Andrews to personally appear at that time and place; (2) granted plaintiffs' Motion to Set Amount of Fees and Expenses and awarded plaintiffs the sum of $4,665.28, consisting of attorney's fees in the amount of $3,930.00 and expenses of $735.28, against defendants John Andrews and Lawns of Distinction, Ltd., jointly and severally; and (3) ordered defendants John Andrews and Lawns of Distinction, Ltd. to pay the sum of $4,665.28 to Texas RioGrande Legal Aid, Inc. by cashier's check or money order by October 23, 2008.

Summons were issued to the defendants and each was served by the U.S. Marshal Service with summons, the Complaint (Doc. 31), plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 32), the Temporary Restraining Order (Doc. 33), and the Memorandum and Order of September 23, 2008 (Doc. 34).

**Preliminary Injunction Proceedings**.

On October 3, 2008, plaintiffs appeared through their counsel, John Andrews appeared personally, and defendant EKM, Gary Andrews and Sharon Andrews appears through their attorney, Mr. Elnicki. Counsel announced to the Court that their respective parties had agreed on language for a consent preliminary injunction, which is to be submitted to the Court by 4:00 p.m. on Monday, October 6, 2008.

**Contempt Issues**.

The Court has previously found that defendant John Andrews should be held in civil contempt for his willful violations of this Curt's orders. "'The contempt power is a most potent weapon, and

therefore it must be carefully and precisely employed.'" Independent Federation of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998) (quoting Mahers v. Hedgepeth, 32 F.3d 1273, 1275 (8th Cir. 1994)). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n. 56 (1947)). Absent the ability to hold a party in contempt for wilful violations of court orders, a court is made "impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery.'" United Mine Workers, 330 U.S. at 290 n.56 (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911)).

Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. Either incarceration or a fine may accomplish the purpose of coercion, while "where compensation is intended, a fine is imposed, payable to complainant." A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 505 (quoting United Mine Workers, 330 U.S. at 304). Where it is undisputed that the defendant has violated a court order, the burden shifts back to the defendant to show that compliance is presently impossible. Id. (citing United States v. Rylander, 460 U.S. 752, 757 (1983)). "To show that compliance is presently impossible, the defendant must demonstrate: '(1) that they are unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.'" United States

v. Santee Sioux Tribe of Nebraska, 254 F.3d 728, 736 (8th Cir. 2001) (quoting Chicago Truck Drivers, 207 F.3d at 506).

If the Court determines that civil contempt is appropriate, there are several factors that the Court must consider in determining the nature of the civil contempt sanction. As stated above, "judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United Mine Workers, 330 U.S. at 303-04 (citing Gompers, 221 U.S. at 448-49).

Where compensation is intended, a fine is imposed, payable to the complainant. The fine must be based upon evidence of the complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy. Where the purpose is to make the defendant comply, the court must consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the result desired. It is a corollary of these principles that a court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed as a punishment or as a means of securing future compliance, consider the amount of the defendant's financial resources and the consequent seriousness of the burden to that particular defendant. Id. at 304.

In this instance, the Court has been thus far frustrated in its ability to enforce its prior orders. As discussed above, defendants John Andrews and Lawns of Distinction, Ltd. were held in contempt of court for failing to answer plaintiffs' interrogatories as ordered, and subsequently were subjected to a fine of $200 per day until they supplemented their answers to plaintiffs' interrogatories as

ordered. The Court also ordered these defendants to pay plaintiffs' attorney's fees and expenses in connection with the contempt proceedings.

Nonetheless, when the parties before the Court today for hearing, John Andrews asserted that he has fully answered plaintiffs' interrogatories, although he has not supplemented his answers or those of Lawns of Distinction, Ltd. It is clear to the Court from the interrogatories and answers thereto read by plaintiff's counsel that Andrews' answers to at least some of the interrogatories are vague, incomplete, and possibly misleading. The latter is particularly true with respect to assets plaintiffs allege were fraudulently transferred from John Andrews and Lawns of Distinction, Ltd. to EKM and Gary and Sharon Andrews, the existence of which was not disclosed in response to relevant interrogatories, but which appears to be confirmed by the latter defendants' consent to be subject to a preliminary injunction concerning assets transferred from John Andrews and/or Lawns of Distinction, Ltd. This conduct is not to be tolerated and the Court does not believe, based on the record and on its hearing of John Andrews' statements and observation of his demeanor, that further imposition of a fine will cause Mr. Andrews to comply with the Court's orders.

The Court concludes that plaintiffs have met their burden to adduce clear and convincing evidence that John Andrews and Lawns of Distinction, Ltd. have failed to comply with the Court's Orders of March 25, 2008, June 17, 2008, and July 29, 2008. Furthermore, defendants John Andrews and Lawns of Distinction, Ltd. have not shown that compliance with the Court's Orders of March 25, 2008, June 17, 2008, and July 29, 2008 is presently impossible. Because of the persistent nature of John Andrews and Lawns of Distinction, Ltd.'s failure to comply with the Court's orders, the Court will now impose civil contempt sanctions against John Andrews. Mr. Andrews is sentenced to incarceration until such time as he provides full, complete and responsive answers to plaintiffs'

9

interrogatories on behalf of himself and Lawns of Distinction, Ltd. This civil contempt sanction is imposed for the purpose of coercing John Andrews and Lawns of Distinction, Ltd.'s compliance with the Orders of March 25, 2008, June 17, 2008, and July 29, 2008.

Defendant John Andrews will be ordered to provide supplemental answers to Interrogatory Nos. 2, 5, 7, 10, 14, 15, 17, 20 and 22, in conformance with the definitions and instructions provided in the interrogatories. By way of illustration and example only, with respect to Interrogatory No. 5, Mr. Andrews must provide the name and address of his employer and the position he holds. With respect to Interrogatory No. 7, Mr. Andrews must provide full details concerning the financial condition for the past three years of any business of which he has an ownership interest or of which he is an officer or shareholder, including but not limited to a statement of assets, inventories, liabilities, gross and net income, and the amount of any undistributed profits in the business. To date, Mr. Andrews has only provided incomplete information concerning the liabilities and net income of Lawns of Distinction, Ltd., and has not provided any information concerning other entities including but not limited to Wildhorse Creek Investment Property Inc., Highway OO Property, Inc., or Henry Avenue Properties, Inc. With respect to Interrogatory No. 10, Mr. Andrews must provide full details concerning the source and amount of any income he receives, including "reimbursements" from EKM. Further, for all of the interrogatories, Mr. Andrews must correct or supplement any of the information he previously provided that is no longer accurate.

Defendant Lawns of Distinction, Ltd. will be ordered to provide supplemental answers to Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16 and 18, in conformance with the definitions and instructions provided in the interrogatories. By way of illustration and example only, with respect to Interrogatory No. 1, Lawns of Distinction, Ltd. must identify the numbers of

10

employees it has, wither full time, part time or temporary. With respect to Interrogatory No. 2, Lawns of Distinction, Ltd. must describe in detail its business premises, state how much rent it pays, and when the rent is payable. With respect to interrogatory No. 7, "State the source and amount of any income received by you," the answer provided thus far is, "Living on borrowed money." This is an unresponsive answer, and it is not clear whether it is being answered on behalf of Lawns of Distinction, Ltd., the corporation, or John Andrews, the individual. Lawns of Distinction, Ltd. must list any income it has received, including loan proceeds, by source and amount, providing full details.

After being satisfied that John Andrews and Lawns of Distinction, Ltd. have fully complied with the terms of this order, the Court will declare John Andrews and Lawns of Distinction, Ltd. purged of their contempt and order John Andrews' release from incarceration.

Attached to this order are copies of plaintiffs' interrogatories at issue, directed to John Andrews and Lawns of Distinction, Ltd., together with the answers provided thus far.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendants John Andrews and Lawns of Distinction are found to be in continuing civil contempt of this Court's Orders of March 25, 2008, June 17, 2008, and July 29, 2008.

---

[1] In supplementing these interrogatories, Mr. Andrews should attempt to answer the interrogatories directed to Lawns of Distinction, Ltd. on its behalf, and not provide information concerning himself in response to interrogatories that are directed to the corporation. For example, for Interrogatory No. 9 directed to Lawns of Distinction provides, "State the make, model, year, mileage, condition, VIN, license number, value and ownership of each motor vehicle owned by you." The response given is, "No vehicles owned in John Andrews name. 2007 Infinity - loan is in Lawns of Distinction." This answer is deficient in several respects. First, this answer responds with information about vehicles owned by John Andrews, although this interrogatory is directed only to Lawns of Distinction, Ltd. Second, this answer is incomplete because it does not provide full details about the specific information requested. Third, the answer does not provide the requested information about any vehicles allegedly transferred to EKM and/or Gary and Sharon Andrews.

**IT IS FURTHER ORDERED** that defendant John Andrews shall be taken into custody and incarcerated in a facility to be selected by the United States Marshal until such time as he purges himself of contempt by providing full, complete and responsive answers to plaintiffs' interrogatories directed to him and to Lawns of Distinction, Ltd.

**IT IS FURTHER ORDERED** that defendant John Andrews shall provide supplemental answers to the following interrogatories directed to him, in conformance with the definitions and instructions provided in the interrogatories: Interrogatory Nos. 2, 5, 7, 10, 14, 15, 17, 20 and 22.

**IT IS FURTHER ORDERED** that defendant Lawns of Distinction shall provide supplemental answers to the following interrogatories directed to it, in conformance with the definitions and instructions provided in the interrogatories: Interrogatory Nos. 1, 2, 3, 5, 7, 8, 9, 10, 12, 13, 14, 15, 16 and 18.

**IT IS FURTHER ORDERED** that defendant John Andrews shall apprise the Court of any attempt that he makes to satisfy the prescribed means for purging this contempt citation, by filing an appropriate motion for purging of contempt and release from incarceration, supported by all necessary documentation.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of October, 2008.