IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Oscar Rodriguez, Esequiel Rodriguez, and Juan Rodriguez, <br><br>　　Plaintiffs/Judgment Creditors, <br><br>v. <br><br>Lawns of Distinction, Ltd. and John Andrews, <br><br>　　Defendants/Judgment Debtors, <br><br>v. <br><br>EKM Enterprises, Inc. d/b/a Lawns of Distinction, Gary C. Andrews, and Sharon Andrews, <br><br>　　Third Party Defendants. | Case No. 4:07-mc-00447-CAS |

**PLAINTIFFS' RESPONSE TO THIRD PARTY DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Third Party Defendants ask the Court to dismiss Plaintiffs' fraudulent transfer claims or, in the alternative, to exercise its discretion and decline to exercise supplemental jurisdiction over the claims.  For the reasons set forth below, the motion should be denied.

　　I.　The Court has subject matter jurisdiction over Plaintiffs' claims and the

　　　　exercise of supplemental jurisdiction is appropriate.

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy . . . .  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28. U.S.C. § 1367(a).[1]  Section 1367 codifies the earlier practices of pendent and ancillary jurisdiction.  City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997).  It allows federal courts to exercise jurisdiction over what were called pendent-claims, pendant-parties, and ancillary claims when they are so related to the original claims that they are part of the same case or controversy.

The Court's original jurisdiction is based on the federal question raised by the Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiffs secured a judgment on these claims and as part of their same controversy with Defendants attempt to execute on that judgment.  Rule 69(a) provides that the procedure for execution "(and in proceedings supplementary to and in aid of judgment or execution)" must follow the procedure of the state where the court sits. This rule effectively incorporates Missouri law and procedure for execution into each federal case at the execution stage of the proceeding.  The elements involved in such proceedings, such as voiding fraudulent transfers of assets, are therefore recognized by the Federal Rules as being a continuing part of the case or controversy between the original parties, needed to conclude the federal court dispute.  Cf. Dugas v. American Surety Co. of N.Y., 300 U.S. 414, 428 ("jurisdiction to entertain the supplemental bill is free from doubt . . . . Such a bill may be brought in a Federal court in aid of and to effectuate its prior decree . . . .")  This proceeding is analogous to a garnishment proceeding where a third party garnishee is brought before the court under state law procedures to pay money or turn over property owed to the federal court judgment debtor to satisfy the judgment. Such a proceeding is supplementary to the judgment and properly brings before the court parties

---

[1] There are exceptions, not at issue here, when the original jurisdiction is founded solely on the diversity of the parties and in the circumstances discussed below, infra. at II.

Plaintiffs' Response to
Third Party Defendants' Motion to Dismiss
Page 2 of 7

over which the court had no jurisdiction on issues relating to the underlying liability of defendant to plaintiff. See Hurley v. Gaertner (In re Hurley), 158 B.R. 115 (Bankr. N.D. Ill. 1993); James v. Rutil, 1997 U.S. Dist. LEXIS 4029 (S.D. Ind. 1997).

Third Party Defendants argue that the "case or controversy" in this action is limited to execution on property titled in the name of Defendants at the time Plaintiffs filed their judgment with the Eastern District of Missouri. This cramped view of the Court's authority to enforce judgments is not supported by the broad language and authority encompassed under Rule 69(a). Rule 69(a) authorizes not only "procedure[s] on execution" but it also encompasses "proceedings on and in aid of a judgment." The Rule then states that such procedures and proceedings are to be "in accordance with the practice and procedure of the state" in which the court sits, effectively incorporating Missouri state rules and proceedings to reach assets fraudulently transferred by Defendants. Thus, Defendants take the position that some of the Missouri rules and proceedings in aid or execution may be used by Plaintiffs to enforce their judgment, while others pertaining to fraudulent conveyances are precluded. No such limitation exists in Rule 69(a).

While Third Party Defendants do not cite any cases to support their position, case law supports the exercise of supplemental jurisdiction. A nearly identical fact pattern and argument was considered in Clarinda Color, LLC v. BW Acquisition Corp. 2004 U.S. Dist. LEXIS 11198 (D. Minn. June 14, 2004). In Clarinda, after judgment was entered against a defendant/debtor and in favor of a creditor in the District of Minnesota, the creditor sued a third-party defendant in the same court under the Minnesota Uniform Fraudulent Transfer Act. The creditor sought to have the assets that were allegedly

Plaintiffs' Response to
Third Party Defendants' Motion to Dismiss
Page 3 of 7

fraudulently transferred from the defendant/debtor to the third-party defendant placed in a constructive trust for the benefit of the creditor. In considering whether it had jurisdiction to decide the claims under the Minnesota statute, the court found:

> There can be little question that federal courts generally possess the power to protect their judgments by setting aside fraudulent conveyances of the judgment debtor. To protect its judgment against BWAC [the defendant/debtor], the Court retains jurisdiction to avoid any fraudulent transfer from BWAC to Wulf [the third-party defendant] and any subsequent transfers, to attach the transferred assets, to enjoin further transfers, and to allow execution against the assets or their proceeds.

2004 U.S. Dist. LEXIS 11198, at *6-7 (internal citations omitted). See also Thomas, Head and Greisen Employees Trust v. Buster, 95 F.3d 1449, 1455 (9th Cir. 1996) ("In this case, the supplementary proceeding [against a third-party transferee] to set aside the fraudulent transfers is essential to prevent Buster's efforts to avoid the district court's original judgment."); American Safety Table Co. v. Schreiber & Goldberg, Inc., 320 F.Supp. 603 (S.D.N.Y. 1970) (federal court has vital interest in seeing that its judgment was not rendered ineffective, and was vested with ancillary jurisdiction over proceedings by judgment creditor to enforce judgment against third party defendants who allegedly participated in fraudulent transfer of assets).

Because Plaintiffs' claims against Third Party Defendants are part of the same case or controversy as Plaintiffs' original action, the Court has supplementary jurisdiction under 28 U.S.C. § 1367. The Court must deny Third Party Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

II. The Court does not have the discretion in this case to decline to exercise supplemental jurisdiction.

Section 1367(a) states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . ." The Eight Circuit has interpreted the statute's use of the word "shall" as a "mandatory command" such that "federal courts must accept and cannot reject jurisdiction in such cases." McLaurin v. Prater, 30 F.3d 982, 984 (8th Cir. 1994).

The statute does provide some exceptions; however, the exceptions do not apply in this case. Subsection (b) prohibits federal courts from exercising supplemental jurisdiction where the sole original basis for jurisdiction was diversity. 28 U.S.C. § 1367(b). That exception does not apply because the original basis for jurisdiction in this case was the federal question raised by Plaintiffs FLSA claims.

Likewise, subsection (c) gives federal courts the discretion to exercise supplementary jurisdiction where (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). None of these situations exists here. Plaintiffs' fraudulent transfer claims are run-of-the-mill fraudulent transfer claims. In fact, the facts alleged to support the fraudulent transfer claims assert that the transfer scheme was anything but complex. The fraudulent transfer claims do not predominate over the claims underlying the judgment. Rather, they are simply a necessary part of collecting on that judgment. The underlying claims obviously were not

dismissed and no exceptional circumstances or other compelling reasons for declining jurisdiction exist or have even been raised by Third Party Defendants.

Because of the plain language of section 1367(a) and the fact that no exception exists under sections 1367(b) or (c), the Court must exercise supplemental jurisdiction over Plaintiffs' fraudulent transfer claims.  McLaurin, 30 F.3d at 984-985.

III. Conclusion

For the foregoing reasons, the Court has subject matter jurisdiction over Plaintiffs' fraudulent transfer claims and must exercise supplemental jurisdiction over them.  Third Party Defendants' motion should be denied.

> Respectfully submitted,
>
> s/ Nathaniel Norton
> Nathaniel Norton
> Texas Bar I.D. No. 24037196
> S.D. Tex. No. 33422
> Texas RioGrande Legal Aid
> 300 South Texas Boulevard
> Weslaco, Texas 78596
> Tel: (956) 447-4800
> Fax: (956) 968-8823
> Attorney for Plaintiffs/Judgment Creditors

CERTIFICATE OF SERVICE

I hereby certify that a copy of this response was served upon each Defendant at the following addresses on October 22, 2008.

| | |
|---|---|
| John Andrews<br>79 Henry Ave.<br>Ellisville, Missouri 63011 | Via U.S. Mail |
| Lawns of Distinction, Ltd.<br>17667 Wildhorse Creek Rd.<br>Chesterfield, Missouri 63005 | Via U.S. Mail |

Jeff Elnicki	Via ECF
McCarter & Greenley
1 Metropolitan Sq., Ste. 2100
St. Louis, MO 63102-2751

                                                <u>s/ Nathaniel Norton</u>
                                                Nathaniel Norton