**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| OSCAR RODRIGUEZ, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:07-MC-447 CAS |
| LAWNS OF DISTINCTION, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, filed by third-party defendants EKM Enterprises, Inc., Gary C. Andrews, and Sharon Andrews (collectively referred to as "EKM"). Also pending is plaintiffs' motion for leave to amend their supplementary complaint. The parties oppose each others' motions, which are now fully briefed. For the following reasons, the Court will deny the motion to dismiss for lack of subject matter jurisdiction and grant plaintiffs leave to amend their supplementary complaint.

**Background**.

On July 12, 2007, the United States District Court for the Southern District of Texas issued a default judgment in favor of plaintiffs against defendants Lawns of Distinction, Ltd. and John Andrews (collectively "defendants") in the total amount of $57,237.98 (the "Texas judgment"). See Rodriguez v. Lawns of Distinction, Ltd., No. B-07-19 (S. D. Tex. Jul. 12, 2007) (Doc. 18).

Plaintiffs' complaint in the Texas action asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., ("FLSA") and for breach of contract.[1]

Plaintiffs registered the Texas judgment in this Court on August 27, 2007. On September 16, 2008, plaintiffs filed a supplementary complaint ("complaint") alleging that the defendants fraudulently transferred assets to EKM, and asserting claims under the Missouri Uniform Fraudulent Transfer Act, § 428.029, Mo. Rev. Stat. ("Missouri UFTA"). The complaint prays for temporary and preliminary orders enjoining the transfer of defendants' assets, a declaration that the transfer of assets from defendants to EKM was fraudulent, and attachment of the transferred assets for plaintiffs' benefit.

The Court issued an ex parte temporary restraining order on September 23, 2008 (Doc. 33) that enjoined defendants from transferring any assets and enjoined EKM from transferring any assets that had been transferred to it by the defendants. On October 7, 2008, at a hearing on plaintiffs' motion for preliminary injunction attended by counsel for the plaintiffs and EKM, the Court issued a consent preliminary injunction (Doc. 44) enjoining EKM from transferring any assets that had at any time been transferred to it by defendants.

**Legal Standard**.

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of

---

[1] The Court has taken judicial notice of the records of the action in the Southern District of Texas. The Eighth Circuit has stated that federal courts "may take judicial notice of judicial opinions and public records[.]" Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing United States v. Eagleboy, 200 F.3d 1137, 1140 (8th Cir. 1999)) (taking judicial notice of an unpublished order of default judgment in the bankruptcy court); see also Hart v. Commissioner, 730 F.2d 1206, 1207-08 n.4 (8th Cir. 1984) (per curiam) (federal court may take judicial notice of proceedings in other courts that directly affect matter at issue).

2

its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction. Under a facial challenge to jurisdiction all of the factual allegations in the plaintiffs' complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. Here, EKM makes a facial challenge to plaintiffs' complaint. Accordingly, for purposes of this motion, all factual allegations are accepted as true.

The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus, 4 F.3d at 593 & n.1; Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted).

The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to present evidence in support of their claim. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). A court has authority to consider matters outside the pleadings for purposes of deciding a motion for dismiss for lack of subject matter jurisdiction. Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citing Osborn, 918 F.2d at 728 n.4). This does not convert the Rule 12(b)(1) motion into one for summary judgment. Id.

**Discussion**.

EKM states that the Court's jurisdiction over the complaint is alleged to be supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction exists over state-law claims where the federal and state claims in the case "'derive from a common nucleus of operative fact' and are 'such that [the party] would ordinarily be expected to try them all in one judicial proceeding.'" Southern Council of Industrial Workers v. Ford, 83 F.3d 966, 969 (8th Cir. 1996) (citing Kansas Public Employees Retirement Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir. 1996) (quotation omitted)). "Where original jurisdiction exits, exercise of supplemental jurisdiction over all adequately related claims is mandatory, absent certain

exceptions." Southern Council, 83 F.3d at 969 (citing McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994)).

EKM asserts that plaintiffs' state law claim under the Missouri UFTA does not derive from a common nucleus of operative fact with the registration of the Texas judgment. EKM asserts that "there is no nucleus of operative fact with respect to the enforcement of the Texas Judgment other than the determination of the existence and location of assets *presently owned* by the Defendants." Mem. Supp. Mot. Dismiss at 4. In contrast, EKM asserts that the state law claims against it allege that certain transfers by the defendants to EKM were fraudulent, and therefore the nucleus of operative fact with respect to the state law claims arises out of circumstances surrounding certain prior transfers of property by the defendants to EKM. Id. at 4-5. EKM cites no case law in support of its argument.

EKM also asserts that if supplemental jurisdiction is present, the Court should decline to exercise that jurisdiction because plaintiffs' state law claims substantially predominate over the claims over which the Court has original jurisdiction, citing 28 U.S.C. § 1367(c). EKM asserts that the only claims in this action concern the issuance of a writ of execution and discovery to aid execution of the Texas judgment, while the state law claims in the complaint will involve numerous determinations under the Missouri UFTA.

Plaintiffs respond that the Court's original jurisdiction is based on the federal question raised by their claims under the FLSA, on which they secured the Texas judgment, and as part of that same controversy are attempting to collect the judgment in this action. Plaintiffs state that Rule 69(a) of the Federal Rules of Civil Procedure provides that the procedure for execution on federal judgments follows the procedure of the state where the court sits, and therefore effectively incorporates Missouri

law and procedure into this case at the execution stage, including "proceedings on and in aid of a judgment." Rule 69(a), Fed. R. Civ. P. Thus, plaintiffs assert that claims such as those to void fraudulent transfers of assets are recognized by the Federal Rules as being a continuing part of the case or controversy between the original parties.

Plaintiffs assert that federal cases support the exercise of supplemental jurisdiction in this context, and hold that federal courts possess the power to protect their judgments by setting aside fraudulent conveyances by a judgment debtor, even when new third parties are involved. Plaintiffs cite Clarinda Color, LLC v. BW Acquisition Corp., 2004 WL 2862298, **2-3, 7-9 (D. Minn. June 14, 2004) (court had jurisdiction over creditor's action against third-party defendant under Minnesota UFTA to obtain constructive trust over assets allegedly transferred from judgment debtor to third-party defendant, enjoin further transfers, and allow execution against the assets or their proceeds); Thomas, Head & Greisen Employees Trust v. Buster, 95 F.3d 1449, 1455 (9th Cir. 1996) ("In this case, the supplementary proceeding [against a third-party transferee] to set aside the fraudulent transfers is essential to prevent [the judgment debtor's] efforts to avoid the district court's original judgment."), cert. denied, 520 U.S. 1116 (1997); and American Safety Table Co. v. Schreiber & Goldberg, Inc., 320 F. Supp. 603, 604-05 (S.D.N.Y. 1970) (federal court has vital interest in seeing that its judgment was not rendered ineffective, and was vested with ancillary jurisdiction over proceedings by judgment creditor to enforce judgment against third-party defendants who allegedly participated in the fraudulent transfer of assets).

Plaintiffs contend that their claims against EKM are part of the same case or controversy as their original action, and therefore the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs also assert that because their claims against EKM are related to their other claims, the Court

6

does not have the discretion to decline to exercise supplemental jurisdiction in this action, as none of the exceptions set forth in the statute apply.  Plaintiffs state that the Eighth Circuit has interpreted the language of § 1367(a) as a "mandatory command" such that "federal courts must accept and cannot reject jurisdiction" where claims are related to other claims in an action, citing McLaurin, 30 F.3d at 984.

EKM replies that plaintiffs have not established their original claims arose under the FLSA, and therefore cannot meet their burden to establish that their present claims lie within this Court's limited jurisdiction.[2]  EKM further replies that plaintiffs fail to discuss the operative facts of their claims against defendants and their claims against EKM, so the two can be compared to determine if they derive from a common nucleus of operative fact under 28 U.S.C. § 1367.

EKM seeks to distinguish plaintiffs' cited cases on the basis that none hold a state law proceeding invoked pursuant to Rule 69(a) provides the Court with supplemental jurisdiction under 28 U.S.C. § 1367.  EKM asserts that plaintiffs' cited cases are premised on the federal courts' ancillary enforcement jurisdiction, not supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which are distinct types of jurisdiction, citing Myers v. Richland County, 429 F.3d 740, 746 n.3 (8th Cir. 2005).  Finally, EKM asserts that the Supreme Court in Peacock v. Thomas, 516 U.S. 349 (1996), expressly rejected plaintiffs' position that a state law procedure invoked pursuant to Rule 69(a) provides the Court with jurisdiction under 28 U.S.C. § 1367, and that Peacock is controlling here.

Plaintiffs were granted leave to file a surresponse, in which they concede that jurisdiction in this case may be more properly invoked under the Court's inherent ancillary enforcement jurisdiction

---

[2]This argument is moot, based on the Court's taking of judicial notice with respect to the nature of plaintiffs' claims in the Southern District of Texas.

7

rather than the form of ancillary jurisdiction codified in 28 U.S.C. § 1367. Plaintiffs simultaneously filed a motion for leave to amend their complaint to assert ancillary enforcement jurisdiction as a basis for jurisdiction. Plaintiffs dispute that Peacock controls resolution of the instant motion, asserting that in Peacock, the Supreme Court held a district court did not have ancillary enforcement jurisdiction over a new lawsuit against third parties, claiming a conspiracy to transfer assets of a judgment debtor. Plaintiff assert that Peacock is distinguishable from the instant cases in two key respects, as Peacock: (1) involved an entirely new action, and (2) sought to impose an obligation to pay an existing federal judgment on a person who was not already liable for that judgment.

Plaintiffs further state that in Peacock the Supreme Court recognized the federal courts' broad inherent power over third parties in connection with the enforcement of judgments, and favorably cited an earlier decision, Dewey v. West Fairmont Gas Coal Co., 123 U.S. 329, 332-33 (1887), in which ancillary jurisdiction existed over a third-party defendant brought into a suit on claims under a West Virginia statute that allowed a creditor to void fraudulent transfers. Peacock, 516 U.S. at 357.

Plaintiffs state that jurisdiction over third parties did not exist in Peacock because the plaintiff was not simply bringing third parties into the case in which judgment had been entered in order to enforce the existing judgment, but rather filed a new lawsuit to hold the added parties directly liable for the entire underlying claim. In contrast, plaintiffs assert that in this action, they did not file a new federal case to hold EKM liable for the Texas judgment, but rather registered the Texas judgment in this court and filed a supplementary complaint in this case alleging the fraudulent transfer of assets and seeking to have the transfers declared voidable and the assets attached under Missouri law.

In its surreply, EKM reiterates that plaintiffs have not shown that their federal claim and the claims against EKM arose under the same common nucleus of operative fact, and asserts as a result that plaintiffs fail to establish the existence of supplemental jurisdiction under 28 U.S.C. § 1367. EKM also denies that the Court has ancillary enforcement jurisdiction over plaintiffs' complaint, without citation to any legal authority. In its opposition to plaintiffs' motion for leave to amend, EKM contends that the Court lacks ancillary enforcement jurisdiction based on Peacock. EKM states that Peacock holds subsequent suits to enforce prior federal judgments must have their own source of federal jurisdiction when they involve new theories of liability, such as claims premised on fraudulent conveyances of assets. EKM also cites an unpublished Seventh Circuit decision, Galuska v. Geoquest, Inc., No. 98-1892, 1998 WL 879510, 172 F.3d 53 (Table) (7th Cir. Dec. 9, 1998).

Federal courts are courts of limited jurisdiction, McAdams v. McCord, 533 F.3d 924, 927 (8th Cir. 2008), and only possess the power authorized them by the Constitution or statute. See Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). It is well established that federal courts generally possess the power to protect their judgments by setting aside fraudulent conveyances of a judgment debtor. See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 694-95 (1950); Dewey, 123 U.S. at 333. This rule is based on the principle that a federal court may assert authority over non-federal claims when necessary to give effect to its judgment. See Finley v. United States, 490 U.S. 545, 551 (1989). Thus, "although federal courts are courts of limited jurisdiction, they often retain residual federal jurisdiction over postjudgment proceedings flowing from their original jurisdiction over the action." U.S.I. Properties Corp. v. M.D. Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000).

A federal court may exercise ancillary jurisdiction in subsequent proceedings to enforce its judgments through the exercise of its inherent power. See Peacock, 516 U.S. at 356. "Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." Id., 516 U.S. at 356 (internal quotation marks and citation omitted).

The term "ancillary jurisdiction" has been used by the Supreme Court and the Eighth Circuit "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Myers v. Richland County, 429 F.3d at 746 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994) (citations omitted)). The exercise of jurisdiction to enforce a settlement agreement serves the latter role. Kokkonen, 511 U.S. at 380-81. "This 'ancillary enforcement jurisdiction' is distinct from the type of ancillary jurisdiction exercised pursuant to 28 U.S.C. § 1367." Myers, 429 F.3d at 746.

The distinction between ancillary jurisdiction as codified in 28 U.S.C. § 1367 and ancillary enforcement jurisdiction is supported by the Supreme Court's comment in Peacock that "Congress codified *much* of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367," 516 U.S. at 354 n.5 (emphasis added), as well as by statements from several of the circuits recognizing that ancillary enforcement jurisdiction is a viable doctrine which was not codified in § 1367. Myers, 429 F.3d at 746 (citing cases).

In Peacock, the Supreme Court held that in the absence of an independent basis for federal jurisdiction, a new defendant may not be joined in a supplementary proceeding to pierce the corporate

10

veil. The Court reasoned that federal district courts do not have ancillary jurisdiction over such claims where the judgment creditor is attempting to establish the new defendant's liability for the original judgment. 516 U.S. at 357-58. In Dewey, the Supreme Court held that federal courts possess ancillary jurisdiction over a fraudulent conveyance action against the transferee of the judgment debtor's assets. In Dewey, as in the instant case, the transferee was not originally a party to the proceeding. See Dewey, 123 U.S. at 333. In Peacock, the Supreme Court drew a distinction between imposing liability against the new defendant in the new case, the situation before it in Peacock, and simply voiding fraudulent transfers to a new defendant to give effect to an existing judgment, as in Swift. See Peacock, 516 U.S. at 357-58. Therefore, while federal courts have ancillary jurisdiction to enforce their judgments, this jurisdiction does not extent to a proceeding to establish direct liability on the part of a party who was not bound by the original judgment, or a proceeding in which a new theory of liability is asserted. See, e.g., U.S.I. Properties Corp., 230 F.3d at 498-500 (federal court is without ancillary jurisdiction to consider claims under an alter-ego theory or piercing the corporate veil, as these are substantive theories seeking to establish liability on the part of a party not otherwise liable).

Contrary to EKM's assertion, "Peacock does not hold that fraudulent conveyance claims brought in a subsequent action require an independent jurisdictional basis." Epperson v. Entertainment Express, Inc., 242 F.3d 100, 105 (2d Cir. 2001). Since Peacock was decided, most courts have drawn "a distinction between post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability." Id. at 106. Where the post-judgment proceeding is an effort to collect a federal court judgment, courts have permitted judgment creditors

11

to pursue the assets of the debtor in the hands of a third party under ancillary enforcement jurisdiction. Id. (district court had ancillary enforcement jurisdiction over action under Connecticut UFTA seeking to set aside fraudulent conveyances in order to enforce default judgment from separate federal case), citing Thomas, Head, 95 F.3d at 1454 (district court had ancillary enforcement jurisdiction over judgment creditor's fraudulent conveyance claims against transferees who were not parties to the underlying action); S.E.C. v. Antar, 120 F.Supp.2d 431, 440 (D.N.J. 2000) (asserting jurisdiction over fraudulent conveyance claim against third parties under New Jersey UFTA, noting "the SEC's claim is exactly the sort of claim approved in Peacock--it seeks to reach assets belonging to the judgment debtor but found in the hands of the relief defendants"), aff'd, 44 F. App'x 548 (3rd Cir. 2002); see also Clarinda, 2004 WL 2862298, **8-9 (concluding ancillary enforcement jurisdiction existed over claims against third parties under Minnesota UFTA to avoid fraudulent transfers, attach and execute on transferred assets of the judgment debtor in the third parties' hands, and impose constructive trusts, but jurisdiction did not exist over claims seeking to pierce the corporate veil and hold third parties personally liable for fraudulent transfer of the assets); cf. Deretich v. City of St. Francis, No. 97-3925, 1998 WL 327207, *1, 149 F.3d 1187 (8th Cir. June 19, 1998) (Table) (following Peacock, district court had ancillary enforcement jurisdiction over actions to renew a federal judgment, which sought simply to maintain the viability and "guarantee eventual executability" of the underlying judgment).[3]

---

[3] Only the Seventh Circuit in Galuska v. Geoquest, Inc., No. 98-1892, 1998 WL 879510, 172 F.3d 53 (7th Cir. Dec. 9, 1998) (Table), has held that Peacock requires an independent basis for jurisdiction for over fraudulent transfer claims raised in a subsequent action. Galuska is an unpublished decision which is not binding on this Court, and is against the weight of authority. The Court declines to follow it.

12

Based on the foregoing authorities, the Court concludes that it has ancillary enforcement jurisdiction over plaintiffs' claims against EKM seeking to avoid allegedly fraudulent transfers from the judgment debtor defendants, to attach the transferred assets in EKM's hands, and ultimately to disgorge the assets from EKM in order to satisfy the Texas judgment. Plaintiffs do not assert any new theory of liability against EKM, nor do they seek to impose liability against EKM for the original judgment. As a result, this case is not controlled by Peacock, but rather by Dewey. The Court therefore exercises ancillary enforcement jurisdiction in this proceeding through the exercise of its inherent power to enforce a federal court judgment. See Peacock, 516 U.S. at 356.

**Conclusion**.

For the foregoing reasons, EKM's motion to dismiss for lack of subject matter jurisdiction should be denied, and plaintiffs' motion for leave to amend their supplementary complaint to invoke ancillary enforcement jurisdiction as a basis for the Court's exercise of jurisdiction should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that third-party defendants EKM Enterprises, Inc., Gary C. Andrews and Sharon Andrews' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., is **DENIED**. [Doc. 48]

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend their supplementary complaint is **GRANTED**. [Doc. 57] The Clerk of the Court shall detach and docket the amended complaint, which was submitted as an attachment to the motion for leave.

                                                                                             */s/ Charles A. Shaw*
                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of November, 2008.